MORGAN, LEWIS & BOCKIUS LLP
Kathy H. Gao, Bar No. 259019
Joseph A. Govea, Bar No. 319683
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax:  +1.213.612.2501
kathy.gao@morganlewis.com
joseph.govea@morganlewis.com

Attorneys for Defendants
EARTHGRAINS DISTRIBUTION, LLC, and BIMBO BAKERIES USA, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/25/2022** at 11:06:00 AM
Clerk of the Superior Court
By Emily Schilawski, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

**'22CV1269 AJB AHG**

| | |
|---|---|
| TLALOC MUNOZ, an individual; MIGUEL RUIZ, an individual; EDGAR CORONA, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EARTHGRAINS DISTRIBUTION, LLC a Delaware limited liability company; BIMBO BAKERIES USA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2022-00029635-CU-OE-CTL<br><br>**DEFENDANTS EARTHGRAINS DISTRIBUTION, LLC AND BIMBO BAKERIES USA, INC.'S ANSWER TO PLAINTIFFS TLALOC MUNOZ, MIGUEL RUIZ, AND EDGAR CORONA'S COMPLAINT**<br><br>Complaint Filed: July 27, 2022 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 43908993.2         DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Earthgrains Distribution, LLC and Bimbo Bakeries USA, Inc. (collectively, "Defendants"), by and through their attorneys of records, hereby answer and respond to the unverified Complaint ("Complaint") of Plaintiffs Tlaloc Munoz, Miguel Ruiz, and Edgar Corona (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants deny, generally and specifically, each, every, and all material allegations of the Complaint, each and every purported cause of action set forth therein, and the whole thereof. Defendants further deny that Plaintiffs have been damaged in any sum or sums, or at all, or that Plaintiffs have suffered, incurred or will suffer or incur any injury, damage or loss by reason of any act, omission to act, or any conduct, whether negligent, intentional, or otherwise, on the part of Defendants, and their agents or employees.

## DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses stated herein are based on Defendants' knowledge, information, and belief at the present time, and Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that Defendants bear the burden of proof or persuasion as to any one of them, Defendants assert the following defenses to the allegations set forth in the Complaint:

## FIRST DEFENSE
### (Failure to State a Cause of Action)

1.  Plaintiffs' Complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

## SECOND DEFENSE
### (Statutes of Limitations)

2.  The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, by the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

limitation periods applicable to their claims, including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, 343, and California Business and Professions Code Section 17208.

### THIRD DEFENSE

### (Arbitration as Exclusive Remedy)

3. The claims of Plaintiffs and/or some or all members of the putative class and representative action are barred in whole or in part because some or all of the Plaintiffs and/or some or all members of the putative class and representative action agreed to submit any and all such disputes to binding individual arbitration.

### FOURTH DEFENSE

### (Not an Employee)

4. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, because they are not employees under any statutes, regulations, orders, or other authority cited in the Complaint.

### FIFTH DEFENSE

### (Primary Jurisdiction Doctrine)

5. Defendants deny that one or more of the Plaintiffs, and/or some or all members of the putative class and representative action, are employees. If any such individual were to be deemed an employee, however, under the primary jurisdiction doctrine, the Complaint and each purported claim for relief alleged therein should be abated or dismissed; and such Plaintiffs and putative members of the class and representative action should be left to pursue their administrative remedies with all relevant state, federal and local agencies, including, but not limited to, the California Labor and Workforce Development Agency.

### SIXTH DEFENSE

### (Waiver, Discharge, Abandonment, and/or Release of Claims)

6. The claims of Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, to the extent that such claims have been waived, discharged, abandoned, and/or released.

### SEVENTH DEFENSE

### (Laches)

7. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, by the doctrine of laches.

### EIGHTH DEFENSE

### (Estoppel)

8. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, by the doctrine of estoppel.

### NINTH DEFENSE

### (Accord and Satisfaction, Payment)

9. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, by the principles of accord and satisfaction.

### TENTH DEFENSE

### (Failure to Perform Conditions Precedent)

10. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, by their failure to perform the conditions necessary to give rise to any obligation on the part of Defendants for the payment of any amounts, including claimed business expenses, alleged in the Complaint.

## ELEVENTH DEFENSE

### (Unclean Hands)

11. The claims of one or more of the Plaintiffs and/or the claims of some or all of the members of the putative class and representative action are barred, in whole or in part, by their unclean hands and/or inequitable or wrongful conduct.

## TWELFTH DEFENSE

### (Lack of Standing)

12. Plaintiffs lack standing and cannot represent the interests of the members of the putative class and representative action as to some or all of the alleged claims.

## THIRTEENTH DEFENSE

### (Doctrines of *Res Judicata* and/or Collateral Estoppel)

13. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## FOURTEENTH DEFENSE

### (Good Faith Action or Omission/Not Willful)

14. The actions or omissions alleged in the Complaint as to one or more of the Plaintiffs and/or some or all members of the putative class and representative action did not constitute a willful violation of any law.

## FIFTEENTH DEFENSE

### (Conduct Reasonable and In Good Faith/Good Faith Reliance)

15. If Defendants are found to have failed to pay any amount due to one or more of the Plaintiffs and/or some or all members of the putative class and representative action, which allegations Defendants deny, the conduct by Defendants alleged by Plaintiffs was in good faith conformity with and/or in reliance on an administrative regulation, order, ruling, approval, interpretation, or administrative practice.

## SIXTEENTH DEFENSE

### (Exemption)

16. Defendants deny that Plaintiffs and/or some or all members of the putative class and representative action uniformly can establish that they are employees. If any such individual were to be deemed an employee, however, one or more of the Plaintiffs and/or some or all members of the putative class and representative action would be exempt from the requirements of the California Labor Code and the Industrial Welfare Commission wage order or wage orders promulgated under the California Labor Code, including but not limited to, the professional, motor carrier, outside sales, and/or commissioned employee exemptions, or some combination of these exemptions.

## SEVENTEENTH DEFENSE

### (Due Process/Class Certification)

17. Permitting this action to proceed as a class action would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## EIGHTEENTH DEFENSE

### (Individual Questions Predominate)

18. The types of claims alleged on behalf of the Plaintiffs and the putative class members are matters in which individual questions predominate and, accordingly, are not appropriate for class action treatment.

## NINETEENTH DEFENSE

### (Claims Not Common or Typical)

19. The claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the putative class members Plaintiffs purport to represent.

## TWENTIETH DEFENSE

### (No Ascertainable Class)

20. The putative class members that Plaintiffs purport to represent are not

6

DB2/ 43908993.2         DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

ascertainable.

### TWENTY-FIRST DEFENSE

**(Uncertainty)**

21. The claims of Plaintiffs and each putative member of the class and representative actions are barred in whole or in part because the Complaint is uncertain in that the definitions of the class and the group of purportedly aggrieved individuals is, *inter alia*, ambiguous and conclusory.

### TWENTY-SECOND DEFENSE

**(Superiority)**

22. Plaintiffs' putative class claims are not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

### TWENTY-THIRD DEFENSE

**(Conflicts of Interest)**

23. Certain of the interests of the putative class members are in conflict with the interests of some or all of the Plaintiffs and/or other putative class members that Plaintiffs purport to represent.

### TWENTY-FOURTH DEFENSE

**(Setoff and Recoupment)**

24. If any damages have been sustained by one or more of the Plaintiffs and/or any putative class members, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiffs or members of the putative class and representative action owed to Defendants against any judgment that may be entered against Defendants.

### TWENTY-FIFTH DEFENSE

**(Waiver of Jury Trial)**

25. One or more of the Plaintiffs and/or some or all of those they seek to represent are not entitled to a trial by jury because they waived their right to a jury trial by mutual agreement.

## TWENTY-SIXTH DEFENSE

**(Failure to Exhaust Internal and Administrative Remedies)**

26. Defendants deny that Plaintiffs and each member of the putative class and representative action uniformly can establish that they are employees. If any such individual were to be deemed an employee, however, the claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class or representative action are barred, in whole or in part, to the extent they failed to exhaust internal and administrative remedies.

## TWENTY-SEVENTH DEFENSE

**(Excessive Fines)**

27. An award of penalties in favor of one or more of the Plaintiffs and or some or all of those they seek to represent against Defendants under the circumstances of this case is an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

## TWENTY-EIGHTH DEFENSE

**(Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)**

28. One or more of the Plaintiffs, on their own behalf and/or on behalf of some or all members of the putative class and representative action, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

## TWENTY-NINTH DEFENSE

**(Avoidable Consequences)**

29. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred, or damages limited, by the doctrine of avoidable consequences because the alleged damages could have been avoided by reasonable effort, but one or more of the Plaintiffs and/or some or all members of the putative class and representative action failed to do so.

**THIRTIETH DEFENSE**

**(Constitutional Right to Equal Protection)**

30. An award of penalties against Defendants in favor of one or more of the Plaintiffs and/or some or all of those they seek to represent would be an unconstitutional denial of Defendants' rights to equal protection under both the United States and California Constitutions.

**THIRTY-FIRST DEFENSE**

**(IWC Wage Orders Violate Due Process)**

31. Defendants deny that Plaintiffs and each putative class member uniformly can establish that they are employees. If any such individual were to be deemed an employee, the claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class and representative action are barred, in whole or in part, because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**THIRTY-SECOND DEFENSE**

**(Failure to Mitigate Damages)**

32. Some or all of Plaintiffs' monetary claims, and/or the monetary claims of some or all members of the putative class and representative action, are barred in whole or in part to the extent they have not appropriately nor adequately mitigated their alleged damages, if any.

**THIRTY-THIRD DEFENSE**

**(Adequate Remedy at Law)**

33. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred in light of the fact that they have an adequate remedy at law.

### THIRTY-FOURTH DEFENSE

**(Damages Not Available Under California Business and Professions Code §§ 17200 *et seq.*)**

34. Some or all of Plaintiffs' and/or members of the putative class and representative action alleged claims for liquidated damages and penalties are barred because damages and penalties are not recoverable under the California Business and Professions Code §§ 17200 *et seq.*

### THIRTY-FIFTH DEFENSE

**(No Entitlement to Jury Trial-Certain Claims)**

35. One or more of the Plaintiffs and/or some or all of those they seek to represent are not entitled to a trial by jury of certain of their claims, including their claim under California Business and Professions Code §§ 17200, *et seq.* and their Private Attorneys General Act ("PAGA") claim.

### THIRTY-SIXTH DEFENSE

**(Lack of Control and Manageability)**

36. Plaintiffs' class and PAGA claims are not maintainable because they would lack control and manageability.

### THIRTY-SEVENTH DEFENSE

**(No Unfair or Unlawful Conduct)**

37. Some or all of Plaintiffs' claims and/or some or all of the claims of those they seek to represent are barred, in whole or in part, because all conduct by Defendants alleged in the Complaint was and is expressly permitted by state statutes and regulations, and accordingly, such conduct cannot be deemed unfair or unlawful under Business and Professions Code §§ 17200 *et seq.*

### THIRTY-EIGHTH DEFENSE

**(Business-Related Expenses Never Requested/Unreasonable)**

38. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class or representative action are barred in whole or in part because they

did not request reimbursement and/or such expenses were not reasonably and necessarily incurred.

### THIRTY-NINTH DEFENSE

**(Substantial Compliance)**

39. The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class or representative action are barred in whole or in part because Defendants complied with their statutory obligations, and to the extent it is determined that there was noncompliance, which Defendants deny, Defendants at least substantially complied with their obligations and are not liable in whole or in part for Plaintiffs' causes of action.

### FORTIETH DEFENSE

**(Irreparable Harm)**

40. The claims of one or more of the Plaintiffs and/or some or all members of the putative class or representative action for injunctive, declaratory, or other equitable relief are barred in whole or in part by the Complaint because they have not suffered and will not suffer irreparable harm due to any alleged conduct of Defendants.

### FORTY-FIRST DEFENSE

**(One Satisfaction and No Stacking of Penalties)**

41. The Complaint and each cause of action alleged therein, impermissibly seeks to recover duplicative damages and/or penalties under multiple or different theories for the same or similar alleged unlawful acts and improperly seeks to "stack" penalties under PAGA.

### FORTY-SECOND DEFENSE

**(Preemption)**

42. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred, in whole or in part, by the preemptive effect of the Federal Aviation Administration Authorization Act, the Motor Carrier Act, and/or other federal law.

### FORTY-THIRD DEFENSE

### (Implied Preemption)

43. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred, in whole or in part, by the doctrine of implied preemption.

### FORTY-FOURTH DEFENSE

### (Meal Period Waiver)

44. Defendants deny that Plaintiffs and each putative class member uniformly can establish that they are employees. If any such individual were to be deemed an employee, the claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred, in whole or in part, to the extent such alleged violations have been waived, discharged, and/or abandoned, including to the extent certain meal periods were waived for shifts of five to six hours, or ten to twelve hours, as allowed by the Labor Code and/or applicable wage order.

### FORTY-FIFTH DEFENSE

### (Lack of Injury or Damages)

45. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred in whole or in part because they have not suffered actual injury or damage as a result of any actions allegedly taken by Defendants.

### FORTY-SIXTH DEFENSE

### (Class Action Waiver)

46. The claims of one or more of the Plaintiffs and/or some or all of the putative class members are barred in whole or in part because one or more of the Plaintiffs and/or some or all of the putative class members agreed to bring any and all disputes as an individual, and therefore waived any right to bring or join a class action.

## FORTY-SEVENTH DEFENSE

### (No Knowing Failure – Labor Code § 226)

47. Defendants deny that Plaintiffs, and each putative class member, uniformly can establish that they are employees. If any such individual were to be deemed an employee, the claims of one or more of the Plaintiffs and/or the claims of some or all of the putative class members are barred, in whole or in part, because Plaintiffs and/or some or all of the putative class members are not entitled to recover damages because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## FORTY-EIGHTH DEFENSE

### (Recovery of Civil Penalties Unconstitutional)

48. Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendants would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process clause of the California Constitution, Article 1, Section 7.

## FORTY-NINTH DEFENSE

### (Consent)

49. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred on the grounds that one or more of the Plaintiffs and/or some or all of the putative class members consented to the conduct challenged in the Complaint.

## FIFTIETH DEFENSE

### (Business Judgment)

50. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred because Defendants' actions with respect to

one or more of the Plaintiffs and/or some or all of the putative class and representative action members were a legitimate exercise of Defendants' business judgment which Plaintiffs and/or some or all of the putative class members cannot invade.

### FIFTY-FIRST DEFENSE

### (Misjoinder/Lack of Standing – Defendant Not the Employer)

51. The claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred for lack of standing because Defendants did not employ one or more of the Plaintiffs and/or some or all of the individuals Plaintiffs purport to represent.

### FIFTY-SECOND DEFENSE

### (Legitimate Business Reasons)

52. Defendants' actions with respect to one or more of the Plaintiffs and/or some or all members of the putative class and representative action were for legitimate business reasons made in good faith and were not based upon a violation of public policy or other factors protected by law.

### FIFTY-THIRD DEFENSE

### (Waiver of Opportunity to Take Meal and/or Rest Periods)

53. Defendants deny that Plaintiffs and each putative class member uniformly can establish that they are employees. If any such individual were to be deemed an employee, the claims of one or more of the Plaintiffs and/or some or all members of the putative class and representative action are barred, in whole or in part, because some or all of the Plaintiffs and/or some or all members of the putative class and representative action were relieved of duty to take compliant meal and rest periods but they waived the opportunity to have one or more duty-free meal and/or rest periods of the required length and/or within the required time frames by choosing to work when not required to do so.

### FIFTY-FOURTH DEFENSE

**(PAGA Action Unconstitutional – Due Process)**

54.  Prosecuting a representative action under PAGA, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendants' rights contained in the United States and California Constitutions, including, but not limited to, the due process clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 7 of the California Constitution.

### FIFTY-FIFTH DEFENSE

**(Failure to Exhaust Internal and Administrative Remedies/Preconditions)**

55.  The claims of one or more of the Plaintiffs and/or the claims of some or all members of the putative class or representative action are barred for failure to exhaust internal and/or administrative remedies and/or preconditions, including, but not limited to, those under PAGA, including, but not limited to, the requirement of providing timely and sufficient notice of alleged statutory violations to the California Labor and Workforce Development Agency and to Defendants.

### FIFTY-SIXTH DEFENSE

**(Not Aggrieved Employee Under PAGA)**

56.  Plaintiffs lack standing to bring claims for civil penalties on behalf of other individuals because they are not "aggrieved employees" under PAGA.

### FIFTY-SEVENTH DEFENSE

**(Additional Defenses)**

57.  Defendants are informed and believe that they may have additional defenses available. Defendants reserve the right to assert additional defenses after facts supporting those defenses are obtained.

WHEREFORE, Defendants seek judgment as follows:

1.  That Plaintiffs take nothing from Defendants by reason of their Complaint, and

that the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants be awarded their costs of suit incurred;

4. That Defendants be awarded their reasonable attorneys' fees incurred in this action to the extent entitled under applicable law; and

5. That the Court award Defendants such other and further relief as it deems just and proper.

Dated: August 25, 2022          MORGAN, LEWIS & BOCKIUS LLP


By _____
Kathy H. Gao
Joseph A. Govea
Attorneys for Defendants
EARTHGRAINS DISTRIBUTION, LLC,
and BIMBO BAKERIES USA, INC.

## PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653.

On August 25, 2022, I served a copy of the within documents:

**DEFENDANTS EARTHGRAINS DISTRIBUTION, LLC AND BIMBO BAKERIES USA, INC.'S ANSWER TO PLAINTIFFS TLALOC MUNOZ, MIGUEL RUIZ, AND EDGAR CORONA'S COMPLAINT**

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| NICHOLAS & TOMASEVIC, LLP<br>Craig M. Nicholas, Esq.<br>Shaun Markley, Esq.<br>Ethan T. Litney, Esq.<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>Telephone: (619) 325-0492<br>cnicholas@nicholaslaw.org<br>smarkley@nicholaslaw.org<br>elitney@nicholaslaw.org | *Attorneys for Plaintiffs* |

Executed on August 25, 2022, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Cindy J. Hachiya