# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TLALOC MUNOZ, MIGUEL RUIZ, EDGAR CORONA, and STEVEN SNAVELY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EARTHGRAINS DISTRIBUTION, LLC and BIMBO BAKERIES USA, INC.,<br><br>Defendant. | Case No.: 3:22-cv-01269-AJB-AHG<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

**LETTER OF REQUEST**

*Request for International Judicial Assistance*

*Pursuant to the Hague Convention of 18 March 1970 on*

*the Taking of Evidence in Civil or Commercial Matters*

By the United States District Court,

Southern District of California

Hon. Allison H. Goddard

3

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE STATE OF THE UNITED KINGDOM:**

The United States District Court for the Southern District of California presents its compliments to the United Kingdom's Central Authority, Senior Master, Royal Courts of Justice ("Royal Courts of Justice") and respectfully requests international judicial assistance to obtain evidence to be used in the above-captioned civil action proceeding before this Court. This Court has determined that it would further the interests of justice if by the proper and usual process of your Court, you summon a representative of Ernst & Young Global Limited ("Ernst & Young") to produce copies of the documents in their possession, custody, or control that are identified in **Schedule A**.

The applicants for this letter are Plaintiffs Tlaloc Munoz, Miguel Ruiz, Edgar Corona, and Steven Snavely ("Plaintiffs"). Counsel for Plaintiffs is available to answer any questions the Royal Courts of Justice may have.

This request is made pursuant to Rule 4(f)(2)(B) of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §1781 (permitting the transmittal of letters rogatory through the district courts and the Department of State). The United States District Court for the Southern District of California is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the production of documents both within and outside its jurisdiction. Ernst & Young is an accounting firm headquartered in the United Kingdom. Ernst & Young has or is likely to have possession of the document specified in **Schedule A** herein.

The production of documents is intended for use at trial or directly in the preparation of trial, and in the view of this Court, will be relevant to claims and defenses in the case. This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a court of the United Kingdom. The requesting Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks

authority to compel participation of these persons and, such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Royal Courts of Justice.

1. **SENDER**

Shaun Markley
smarkley@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**

225 Broadway, 19th Floor

San Diego, CA 92101

As authorized by:

Hon. Allison H. Goddard
United States Magistrate Judge
United States District Court for the Southern District of California
Edward J. Schwartz United States Courthouse
221 West Broadway, Suite 2125
San Diego, CA 92101

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**

United Kingdom - Central Authority, Senior Master, Royal Courts of Justice
Royal Courts of Justice, Room E16
Strand
LONDON
WC2A 2LL

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

Shaun Markley
smarkley@nicholaslaw.org
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, CA 92101
Tel: (619) 325-0492

//
//

4. **SPECIFICATION OF THE DATE BY WHICH REQUESTING AUTHORITY TEQUIRES RECEIPT OF THE RESPONSES TO THE LETTER REQUEST**

A response is requests as soon as possible, in order to ensure that the evidence may be obtained before the deadline for discovery in this case, currently set for September 12, 2025.

5. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIONS OF THE CASE (ARTICLE 3(B))**

The evidence requested relates to the action *Munoz, et al., v. Earthgrains Distribution LLC, et al.*, Case No. 3:22-cv-01269-AJB-AHG (S.D. Cal.), United States District Court for the Southern District of California.

**The parties and their representatives are listed herein as follows:**

a.  Plaintiffs:

Tlaloc Munoz, Miguel Ruiz, Edgar Corona, and Steven Snavely

*Contacted through counsel*

*Represented by:*

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Shaun Markley (SBN 291785)
Jake W. Schulte (SBN 293777)
Jordan Belcastro (SBN 339570)
225 Broadway, 19th Floor
San Diego, CA 92101
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jschulte@nicholaslaw.org
Email: jbelcastro@nicholaslaw.org
Tel: (619) 325-0492

b.  Defendants:

Earthgrains Distribution LLC and Bimbo Bakeries USA, Inc.

*Contacted through counsel*

*Represented by:*

**MORGAN, LEWIS & BOCKIUS LLP**
John S. Battenfeld (SBN 119513)
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
Email: john.battenfeld@morganlewis.com
Tel: (212) 612-1018

**MORGAN, LEWIS & BOCKIUS LLP**
Sarah Zenewicz (SBN 258068)
One Market, Spear Street Tower
San Francisco, CA 94105
Email: sarah.zenewicz@morganlewis.com
Tel: (415) 442-1790

**MORGAN, LEWIS & BOCKIUS LLP**
Michael J. Puma (admitted *Pro Hac Vice*)
Margaret McDowell (admitted *Pro Hac Vice*)
2222 Market St.,
Philadelphia, PA 19103
Email: michael.puma@morganlewis.com
Email: margaret.mcdowell@morganlewis.com
Tel: (215) 963-5305

### 6. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

Plaintiffs have filed suit against various United States subsidiaries of Grupo Bimbo, S.A.B. de C.V. who uses Ernst & Young to audit its public facing Annual Reports. Plaintiffs allege that the subsidiaries misclassify them as "independent contractors" when they should be employees under California law and receive appropriate wages and benefits under those employment laws.

Plaintiffs contend that part of Defendants' alleged misclassification scheme hinges on whether there is a truly independent buy-sell relationship between Plaintiffs and Defendants or whether that relationship is really between Defendants and their retail customers like Costco, Walmart, and other chain stores. Plaintiffs believe that how Defendants account for their customer sales and recognize revenues proves that the relationship is between Defendants and their retail customers and not with Plaintiffs who merely distribute bread product and receive a percentage of the sale as a commission wage.

### A. Evidence to be Obtained and Purpose

*See* **Schedule A.**

### B. Identity and Adress of the Entities and Person to be Examined

The identity and address of the representative of the entity to be examined is set forth below. The address provided is based on currently available information, and may be supplemented.

> 1 More London Place,
> London SE1 2AF

### C. Statements of the Subject Matter About which the Person will be Examined

Not applicable – no testimony sought.

### D. Documents and Other Evidence to be Examined

It would further the interests of justice if you would a representative of Ernst & Young to produce or make available for inspection the documents set forth in **Schedule A** to this Letter of Request.

### E. Request for Notification

This Court respectfully request that any order made by the Court will require the examining party to provide copies of the documents produced to the parties' representatives as identified in Section 5 above and to:

Hon. Allison H. Goddard
United States Magistrate Judge
United States District Court for the Southern District of California
Edward J. Schwartz United States Courthouse
221 West Broadway, Suite 2125
San Diego, CA 92101

### F.     Special Procedures and Methods to be Followed

The production of documents shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of the United Kingdom.

### G.     Reimbursement

The fees and costs incurred in the execution of this Request which are reimbursable will be borne by the above-named Plaintiffs. Plaintiffs are willing to reimburse the reimbursable fees and costs incurred by the representative of Ernst & Young complying with any order of the Royal Courts of Justice giving effect to this Request for International Judicial Assistance.

**DATE OF REQUEST**

October 1, 2025

Signature and Seal of the
Requesting Authority

_____
Honorable Allison H. Goddard
United States Magistrate Judge
United States District Court
Southern District of California
Edward J. Schwartz U.S. Courthouse
221 West Broadway, Suite 2125
San Diego, CA 92101
USA



[SEAL OF COURT]

# SCHEDULE A

## TO LETTER ROGATORY TO THE UNITED KINGDOM, CENTRAL AUTHORITY, SENIOR MASTER, ROYAL COURTS OF JUSTICE

**I.  DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any request:

1. "YOU," "YOUR," OR "ERNST & YOUNG" shall refer to Ernst and Young Global Limited and its subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former owners, directors, members, partners, and managers.

**II.  INSTRUCTIONS**

1. Each individual request for production should be construed independently and not by reference to any other request herein for the purpose of limiting that request, except that identical writings need not be produced in response to more than one request.

2. Each DOCUMENT responsive to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with each category to which they are responsive.

3. Complete DOCUMENTS, including all attachments, cover memos, appendices, etc., shall be produced if any part of the writing is responsive to a request. Responding Party shall not mask or delete any part of a DOCUMENT if that DOCUMENT contains information responsive to a request. DOCUMENTS found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

4. Unless otherwise agreed to, DOCUMENTS that are maintained in the normal course of business in electronic format shall be produced in their native format, including all metadata in standard delimited ASCII format, along with the software necessary to interpret such files if such software is not readily available, and are not to be converted to any other format, such as paper, tiff image or PDF file.

5. If YOU produce scanned documents on compact discs, then documents should be produced in single page tiff format and YOU should also produce (i) the load file with each set of documents (this file provides the beginning bates, end bates, directory, filename and page count, to allow a match between the data and the files themselves), (ii) attachment information so it can be determined which attachments go with which documents produced, and (iii) any other objective coding for each document produced, including any fields for source, date, author, recipients and custodian of the documents.

6. If any responsive DOCUMENT was, but is no longer in existence or in Responding Party's possession, custody or control, identify its current or last-known custodian and describe in full the circumstances surrounding its disposition from Responding Party's possession, custody or control. A DOCUMENT shall be deemed to be in Responding Party's control if Responding Party has the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having possession or custody thereof.

7. "And," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the request is not excluded.

8. "Relating" includes, without limitation, constituting, referring to, alluding to, responding to, concerning, connected with, commenting upon, in respect to, about, regarding, discussing, showing, describing, reflecting, or analyzing.

9. These are continuing requests for production of documents. If, subsequent to responding to any such request, additional documents are received or discovered prior to the date of trial or Responding Party becomes aware of any further information pertaining to such request, Responding Party is hereby requested to serve supplemental responses and

provide such additional documents promptly and as long before trial as possible, in order to supplement, amend or correct Responding Party's responses; otherwise, it will be assumed that the responses originally given by Plaintiff continue to be Plaintiff's complete responses to these requests.

10. If any DOCUMENTS requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information: (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the DOCUMENT.

11. If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged: (a) A brief description of the nature and contents of the matter claimed to be privileged; (b) The name, occupation and capacity of the individual from whom the privileged matter emanated; (c) The name, occupation and capacity of the individual to whom the allegedly privileged matter was produced; (d) The date the item bears; and (e) The privilege claimed.

## III. REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Memorandums or similar documents in effect from 2018 to present that reflect how Grupo Bimbo S.A.B DE C.V. ("Grupo Bimbo") recognizes revenue from contracts with customers under International Financial Reporting Standards or IFRS 15. This includes any analysis of IFRS 15 that Grupo Bimbo performed that YOU received from Grupo Bimbo. Documents reflecting exclusively non-U.S. sales are not responsive. This request seeks only documents that reflect consolidated sales which include the U.S. or U.S. specific documents.